UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HENRY NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FARMINGTON, and<br>JIM MURPHY,<br><br>    Defendants. | Civil No. 13-515 (PJS/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

## I. BACKGROUND

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Policeman, Jim Murphy, stopped, manhandled, David Henry Nichols and issue [sic] citation for no 'drivers licence.'
>
> Nichols, returned citation to court with, Red, 'Accepted For Value, Returned For Value, Exempt From Levy, HJR 192, signed & dated in blue. When I got to arraignment court, Clerk never put above 'Exempt From Levy, (in Red) in File. Clerk put in her own citation in different Format, 'Nichols, Requested, 'Verified Complaint,' demanding show cause of 'commercial activity.' Above answer never address this issue, per 'Mann vs - - -' This US District Court case is to 'stay, counter claim and 'default, 1st Judicial Dakota case 19AVV-B12-2441."

(Complaint, [Docket No. 1], p. 4, § 7.)

Based on these cryptic allegations, Plaintiff is attempting to sue two Defendants identified as City of Farmington and Jim Murphy. Plaintiff has described the relief he is seeking as follows:

> "1 – Stay Dakota County, 1st District Case, 19AVVB12-24441
> 2 – Issue Order for 'Default' of their case. This 'Default copies to follow
> 3 – Issue Counterclaim Order, based on 'Default.' No Trial Required. 'Defaults cannot be challenged!'
> 4 – Issue Order for damages, based on 'Default' $100,000 FRN, in lieu of money."

(Id., p. 4, "Request for Relief.")

The Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction, for the reasons discussed below.

**II. DISCUSSION**

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, Plaintiff asserts that federal subject matter jurisdiction exists under the "diversity of citizenship" statute – 28 U.S.C. § 1332. (See Complaint, p. 3, § 3.) Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of

2

interest and costs." Here, Plaintiff's submissions clearly indicate that all parties – Plaintiff and both Defendants – are Minnesota residents. (Complaint, p. 1, § 2; p. 2, §§ 5-6; Civil Cover Sheet, [Docket No. 1-1], §§ II and III.) Thus, there obviously is, in fact, no diversity of citizenship in this case. The Court must therefore recommend that this action be summarily dismissed for lack of subject jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[1] It follows that Plaintiff's pending IFP application should be denied as moot.[2]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

---

[1] Although Plaintiff has asserted that subject matter jurisdiction exists only under the diversity of citizenship statute, the Court further finds that subject matter jurisdiction could not exist under the "federal question" statute, (28 U.S.C. § 1331), because Plaintiff has not identified any possible federal law on which his lawsuit could be based.

[2] Having determined that this action must be dismissed for lack of jurisdiction, the Court will not make any formal recommendation regarding the sufficiency of Plaintiff's complaint in this case. It bears noting, however, that the current complaint is undoubtedly inadequate. A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint does not adequately describe any specific act or omission by either of the named Defendants that could entitle Plaintiff to any relief under any legal theory. Even with the liberal construction that is required in pro se cases, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint clearly fails to state any actionable claim for relief. Therefore, even if Plaintiff were able to establish the existence of federal subject matter jurisdiction, this case still would be summarily dismissed for failure to state a cause of action on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (an IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted).

3

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: March 25, 2013

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 9, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.